# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PATRIOT INSURANCE COMPANY<br>As subrogee of Governor's Inn, Inc.<br>One Tyler Drive, Suite 3<br>Yarmouth, ME  04096-6706<br><br>                    Plaintiff,<br><br>          v.<br><br>BROAN-NUTONE, LLC<br>926 West State Street<br>Hartford, WI 53027<br><br>AND<br><br>NUTONE, INC.<br>9825 Kenwood Road, Suite 301<br>Cincinnati, OH 45242<br><br>AND<br><br>NORTEK, INC.<br>As successor in interest to<br>NuTone, Inc. and<br>Broan-NuTone, LLC<br>500 Exchange Street<br>Providence, RI 02903<br><br>                    Defendants | CIVIL ACTION NO. |

## COMPLAINT AND JURY TRIAL DEMAND

NOW COMES Plaintiff, Patriot Insurance Company, as subrogee of Governor's Inn, Inc. by and through its undersigned counsel, and hereby demands judgment against defendants, Broan-NuTone, LLC, NuTone, Inc., and Nortek, Inc. as successor in interest to NuTone, Inc. and Broan-NuTone, LLC and in support thereof avers as follows:

1

## PARTIES

1. Plaintiff, Patriot Insurance Company as subrogee of Governor's Inn, Inc. (hereinafter "Patriot"), is a corporation duly organized and existing under the laws of the State of Maine, having a principal place of business located at One Tyler Drive, Suite 3, Yarmouth, Maine 04096, and at all times material hereto, was licensed and authorized to issue insurance policies in the State of New Hampshire.

2. Upon information and belief, Defendant Broan-NuTone, LLC (hereinafter "Broan") is a limited liability company duly organized under the laws of the State of Delaware with its sole principal place of business at 926 West State Street, Hartford, Wisconsin, 53027 and, at all times relevant and material hereto, was in the business of designing, manufacturing, distributing, selling, assembling, and supplying, *inter alia*, bathroom exhaust fans and fan motors.

3. Upon information and belief, Defendant NuTone, Inc. (hereinafter "NuTone") is a corporation duly organized under the laws of the State of Delaware with its sole principal place of business at 9825 Kenwood Road, Suite 301, Cincinnati, Ohio 452424 and, at all times relevant and material hereto, was in the business of designing, manufacturing, distributing, selling, assembling, and supplying, *inter alia*, bathroom exhaust fans and fan motors.

4. Upon information and belief, Defendant Nortek, Inc. as successor in interest to NuTone, Inc. and Broan-NuTone, LLC (hereinafter "Nortek") is a corporation duly organized under the laws of the State of Delaware with its sole principal place of business at 500 Exchange Street, Providence, Rhode Island 02903, and, at all times relevant and material hereto, was in the business of designing, manufacturing, distributing, selling, assembling, and supplying, *inter alia*, bathroom exhaust fans and fan motors.

5. Defendants Broan, NuTone and Nortek are hereinafter collectively referred to as "Broan-NuTone".

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs of the action, exceeds the sum of $75,000.00.

7.      Venue is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## GENERAL ALLEGATIONS

8.      Plaintiff incorporates by reference each and every allegation set forth above and below as fully as if recited herein at length.

9.      Prior to June 13, 2016, and at all times relevant hereto, Plaintiff Patriot's insured Governor's Inn, Inc. (hereinafter "Governor's Inn"), owned the real and personal property at 78 Wakefield Street, Rochester, New Hampshire (hereinafter "the subject building").

10.     Prior to June 13, 2016, and at all times relevant hereto, plaintiff Patriot provided property insurance coverage to Governor's Inn for the subject building, its contents and its business.

11.     Prior to June 13, 2016, and at all times relevant hereto, Broan-NuTone was engaged in the business of designing, manufacturing, assembling, inspecting, testing, distributing and/or otherwise placing into the stream of commerce exhaust fans, ventilators and similar goods with accompanying component parts, said products intended for use by consumers for the ordinary purposes associated with these items.

12. Prior to June 13, 2016, and at all times relevant hereto, Broan-NuTone knew and intended that its products would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said goods would be utilized.

13. Prior to June 13, 2016, a ceiling mounted exhaust fan/light, (hereinafter "the Product" or "Broan-NuTone ceiling mounted exhaust fan ") designed, manufactured, assembled, inspected, tested, distributed and placed into the stream of commerce by Broan-NuTone, was installed at the subject building, where it remained until June 13, 2016.

14. The Product reached the subject building without substantial change in its condition, and it was not altered or modified prior to or during its use.

15. On or about June 13, 2016, a fire occurred in a bathroom at the subject building.

16. The fire originated in the subject Product.

17. The fire was caused by a defect of the Product, and said defect caused the ignition of nearby combustibles, which then spread fire to the structural elements of the subject building.

18. As a result of the fire, smoke, soot and extinguishment water, the Property was damaged and plaintiff's insured suffered significant losses, including destruction of real and personal property, and additional expenses and losses.

19. Governor's Inn subsequently made a claim under its policy of insurance with Patriot for its damages. Pursuant to the policy, Plaintiff Patriot has made payments to or on behalf of Governor's Inn in excess of $175,000.00 for damages resulting from the fire and,

therefore, is legally, contractually and equitably subrogated to the rights of recovery possessed by Governor's Inn against Defendants.

## COUNT I

## NEGLIGENCE
## PLAINTIFF V. ALL DEFENDANTS (COLLECTIVELY "BROAN-NUTONE")

20. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

21. The aforementioned fire and the subsequent loss and damage to Plaintiff Patriot's insured's property were a direct and proximate result of the negligence, gross negligence, carelessness, omissions, and/or failures to act of all of the defendants, their employees, agents and/or servants, acting within the course and scope of their employment, both in general and in the following particulars:

   (a) the Product was defectively designed and/or manufactured such that component parts were insufficient to prevent overheating from occurring in the event of a product failure;

   (b) the Product was defectively designed and/or manufactured such that the design of the product allowed the product to overheat, resulting in the ignition of combustible materials;

   (c) the Product contained inadequate warnings concerning its propensity to cause fires during intended use, and inadequate warnings were provided post-sale related to the propensity of the product to ignite a fire;

   (d) the Product was manufactured defectively in that it was inadequately assembled, inspected and/or tested;

   (e) the Product was designed, manufactured and distributed in a defective condition as it contained improper wiring and improper thermal protection devices;

   (f) the Product was designed, manufactured and distributed in a defective condition as it contained an improper motor application; and

5

      (g)      the Product was designed, manufactured and distributed without appropriate application of safety devices.

22.    As a direct and proximate result of the negligent acts and/or omissions on the part of Broan-NuTone, the occurrence referred to above took place resulting in damage and destruction to the Plaintiff's insured's real and personal property, as well as additional expenses and losses.

WHEREFORE, Plaintiff Patriot Insurance Company demands judgment against all Defendants for an amount in excess of $175,000.00 together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## COUNT II

### STRICT LIABILITY - PRODUCT LIABILITY
### PLAINTIFF V. ALL DEFENDANTS (COLLECTIVELY "BROAN-NUTONE")

23.    Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

24.    At all times relevant hereto, Broan-NuTone, by and through its agents, servants and/or employees, was engaged in the designing, manufacturing, selling, testing, distributing, supplying and/or assembling of the Product, for which activity and resulting harm thereof Defendant Broan-NuTone is strictly liable in tort in failing to produce and distribute a Product that was reasonably fit, suitable and safe when used for their intended or reasonably foreseeable purposes.

25.    The loss and the consequent damage to Governor's Inn's property were directly and proximately caused by the Broan-NuTone's Product for which Broan-NuTone is strictly liable in tort for:

(a) failing to design, manufacture, assemble and distribute a product that was reasonably fit, suitable and safe when used for their intended or reasonably foreseeable purposes;

(b) designing, manufacturing, testing, selling, distributing, supplying and/or assembling the subject Product in a defective and unreasonably dangerous condition; and

(c) failing to warn of the aforesaid defective condition of the Product.

26. As a direct and proximate result of Broan-NuTone's conduct, the aforementioned loss occurred causing substantial damage and destruction to Plaintiff's insured, including but not limited to damages to real property, personal property, and extra expenses and losses, for which the Plaintiff is subrogated to the rights of its insured.

WHEREFORE, Plaintiff Patriot Insurance Company demands judgment against all Defendants for an amount in excess of $175,000.00 together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## COUNT III

### BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### PLAINTIFF V. ALL DEFENDANTS (COLLECTIVELY "BROAN-NUTONE")

27. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

28. At the time the subject Broan-NuTone Product was sold and/or supplied it was in a defective condition, which defect(s) rendered it unreasonably dangerous, to persons and property. The aforementioned defect(s) directly and proximately caused Plaintiff Patriot's insured to suffer substantial real and personal property damage, and extra expenses and losses. All Defendants, collectively referred to as Broan-NuTone, are therefore liable in this matter.

29. The aforementioned fire and resulting real and personal property damage, and extra expenses and losses, were directly and proximately caused by Broan-NuTone's conduct in:

    (a)    Designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce an unreasonably dangerous and defective Product which defendant knew or should have known subjected the property of plaintiff's insured to an unreasonable risk of harm;

    (b)    failing to warn of the aforesaid defective condition; and

    (c)    generally acting in a manner and designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce a Product that was not of good and merchantable quality and not fit for its ordinary intended and foreseeable use and/or particular purpose.

30. In designing, manufacturing, assembling, marketing, selling, distributing, supplying and/or otherwise placing into the stream of commerce the Broan-NuTone Product, the Defendants expressly and/or impliedly warranted that its product was of good and merchantable quality and fit for its ordinary intended and foreseeable use and/or particular purpose.

31. The Defendants breached the aforesaid express and/or implied contract-based warranties.

32. As a direct and proximate result of the breach of the aforementioned warranties, the fire occurred, resulting in damage and destruction to plaintiff's insured's real and personal property, and extra expenses and losses.

WHEREFORE, Plaintiff Patriot Insurance Company demands judgment against all Defendants for an amount in excess of $175,000.00 together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

The plaintiff demands a Jury Trial in the above-captioned matter.

                    Respectfully submitted,

                    PATRIOT INSURANCE COMPANY

                    By its attorneys,

Date: 06/10/2018           */s/ John P. Sherman*
                                  John P. Sherman, Bar No. 12536
                                  SHERMAN LAW, PLLC
                                  111 Bow Street, Unit #2
                                  Portsmouth, NH  03801
                                  (603) 570-4837
                                  jsherman@johnshermanlaw.com

Of Counsel:
Erick J. Kirker
Cozen O'Connor
1650 Market Street, 28th Floor
Philadelphia, PA  19103
(215) 665-2172
(215) 701-2172
ekirker@cozen.com